## FAMILY HEALTH CENTER
## PROGRESS NOTE

DATE | NAME: Michele Carper | DOB: 8/21/61

**TELEPHONE RECORD** — Dear / PRIORITY ☐
- PATIENT: Michelle Carper
- CALLER:
- TELEPHONE: 609-712-8014
- REFERRED TO: Keith Steed
- CHART: Fax # 302-695-0369
- CHART ATTACHED: ☐ YES ☐ NO
- DATE: 1/10/03   TIME: 9:20 AM   REC'D BY: [illegible]

MESSAGE: Her boss needs a note of what you told her today regarding tennis elbow & having to wear a brace. Then fax to her boss.

RESPONSE: 1/10/03 [illegible] 10:30 AM M. McDev[illegible] due to Hippa [illegible] Consent PH [illegible]

---

**TELEPHONE RECORD** — [illegible] / PRIORITY ☐
- PATIENT: Michelle Carper   AGE: 8-20-61
- CALLER:
- TELEPHONE: 609-712-8014
- REFERRED TO:
- CHART #:
- CHART ATTACHED: ☐ YES ☐ NO
- DATE: 2/3/03   TIME: 2:25   REC'D BY: [illegible]

MESSAGE: pt on light-duty — pt doing warehouse duty — wants note for work for clerical/computer only.

RESPONSE: 2/3/03 can only give wt limits, activity limits, not actual activity.

---

2/3/03 Spoke w/ pt re above. Requests "No lifting > 5 lbs & No bending" to be stated on note. MRCW OK t[illegible] only.

EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MICHELLE R. CARPER,

    Plaintiff,

v.

VWR SCIENTIFIC PRODUCTS
CORPORATION, and VWR
INTERNATIONAL, INC.,

    Defendants.

Civil Action No. 04-0126

**DECLARATION PURSUANT TO 28 U.S.C. § 1746 OF CUSTODIAN OF DOMESTIC RECORDS OF REGULARLY CONDUCTED ACTIVITY**

I, _Gretchen Kalmar_ [Print name], hereby declare that I have responsibility for maintaining records of Family Health Center of Mullica Hill, 34 Colson Ln., Mullica Hill, NJ 08062 ("the Company"), and in that capacity, I obtained personal knowledge of the Company's routine business practices pertaining to the creation and maintenance of the documents produced pursuant to the Subpoena served upon the Company by counsel for the Defendants in the above-captioned case ("the Subpoena"). I declare that I have the authority to, and do hereby, declare as follows:

    1.    Each document produced pursuant to the Subpoena was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

    2.    Each document produced pursuant to the Subpoena was kept in the course of the Company's regularly conducted business; and

    3.    Each document produced pursuant to the Subpoena was made by the Company as a regular business practice.

    I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _11/25/04_
    [Date]

_[Signature]_